UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ROBERT RODGERS and TAVONTE DAVIS,

                               Plaintiffs,

                    -against-

CITY OF NEW YORK, VINCENT LINDNER (Shield No. 27944), WILLIAM DUGAN (Shield No. 3858, MIGUEL FIGUEROA, (Shield No. 3780), and JOHN DOE 1 through 10 individually and in their official capacities (the names JOHN DOE 1 through 10 being fictitious, as the true name is presently unknown),

                              Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-6107 (DLI)(PK)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiffs demand a trial by jury in this action.

6.  This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

7.  Plaintiff Robert Rodgers ("Rodgers") is a resident of Kings County in the City and State of New York.

8.  Plaintiff Tavonte Davis ("Davis") is a resident of Kings County in the City and State of New York.

9.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all relevant times defendants Vincent Lindner ("Lindner"), William Dugan and Miguel Figueroa were employed by the NYPD and acting as agents, servants or employees of defendant City of New York. They are sued in their individual capacities.

11. At all relevant times defendants JOHN DOE 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants JOHN DOE 1 through 10.

12. At all relevant times defendants JOHN DOE 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants JOHN DOE 1 through 10 are sued in their individual and official capacities.

13. At all relevant times, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On July 26, 2015 at approximately 12:00 p.m., plaintiff Rodgers exited 3144 Bayview Avenue in Brooklyn, in the City and State of New York. Plaintiff Davis was waiting in front of the building for Rodgers.

15. As Rodgers and Davis began walking away, they were approached by defendants, including Lindner.

16. Defendants questioned plaintiffs. Rodgers explained that he had gone into 3144 Bayview Avenue in order to drop something off to a friend living on the third floor.

17. Rodgers provided both the apartment number and the name of his friend.

18.     Defendants, including Lindner, Dugan and Figueroa, began searching plaintiffs. Plaintiffs objected as defendants hands came in contact with their groin area.

19.     Defendants placed Rodgers and Davis in handcuffs and transported to a police precinct.

20.     At the precinct, Rodgers was taken into a bathroom, ordered to remove his clothing and squat while being examined by a defendant.

21.     Plaintiffs were charged with violations of the Penal Law and taken to Central Booking. Plaintiffs had committed no crime.

22.     Approximately twenty-four hours later plaintiffs were arraigned and each received an ACD.

23.     Plaintiffs suffered damage as a result of defendants' actions. He was deprived of his liberty and suffered pain, emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**42 U.S.C. § 1983**

24.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

25. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

27. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

29. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages alleged herein.

## THIRD CLAIM
### Failure To Intervene

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

32. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Unlawful Strip Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected Rodgers to a strip search without legal justification.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 17, 2016
         New York, New York


/s
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*